# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONALD E. PERRIGO, JR.,

    *Plaintiff,*

vs.

Case No. 2:13-2363-EFM-DJW

UNIFIED SCHOOL DISTRICT NO. 500
and SYLVIA PARRA
    *Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Donald E. Perrigo, Jr. ("Plaintiff") seeks monetary damages, including costs and fees involved in litigating this case, from his employer, Unified School District 500 ("Defendant School District") and his school principal, Dr. Sylvia Parra ("Defendant Parra") for alleged discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"),[1] the Age Discrimination in Employment Act of 1967 ("ADEA"),[2] and the Americans with Disabilities Act of 1990 ("ADA").[3] Plaintiff also alleges harassment and retaliation. Defendants now move to dismiss each of Plaintiff's claims. For the reasons stated below, Defendants' motions are granted in part and denied in part.

---

[1] 42 U.S.C. § 2000e *et seq.*

[2] 29 U.S.C. § 621 *et seq.*

[3] 42 U.S.C. § 12101 *et seq.*

## I. Factual and Procedural Background

At all times relevant to his Complaint, Plaintiff was a biology teacher at J.C. Harmon High School ("Harmon") in Kansas City, Kansas. On September 4, 2012, he approached two members of Harmon's staff with an "official complaint" letter that highlighted his issues concerning: (1) a recent change of classrooms, (2) classroom safety, (3) parking, and (4) gender discrimination. On September 21, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of sex, age, and disability. Plaintiff also alleged retaliation in reaction to his filing of a previous charge of discrimination against Defendants. Based on its investigation, the EEOC concluded that there was not sufficient evidence to go forward. On April 9, 2013, the EEOC issued a Notice of Right to Sue pursuant to Plaintiff's request. On May 3, 2013, also at Plaintiff's request, the EEOC revoked this Right to Sue letter and re-opened its investigation into Plaintiff's claims.[4]

Without awaiting further action from the EEOC, on July 19, 2013, Plaintiff, acting *pro se*, filed a Complaint in the United States District Court for the District of Kansas alleging discrimination based on race, gender, age, disability, and retaliation.[5] Plaintiff also alleged harassment. Nearly one month later, on August 14, 2013, Plaintiff received a Dismissal of Notice of Rights and Notice of Suit Rights from the EEOC that stated that the EEOC was "unable to conclude that the information obtained establishe[d] violations of statutes."[6] Defendants School

---

[4] According to EEOC documents, Plaintiff indicated that he was not advised by the EEOC investigator that, once issued, the Right to Sue letter would effectively terminate Plaintiff's case with the EEOC.

[5] Attached to Plaintiff's Complaint was a Notice of Right to Sue dated February 23, 2011, concerning a prior unrelated charge of discrimination.

[6] Doc. 13, Attachment 5, at pp. 2-3.

District and Parra each seek to dismiss Plaintiff's claims on the following grounds: (1) lack of subject matter jurisdiction due to Plaintiff's failure to properly exhaust all administrative remedies, and (2) a failure to plead sufficient facts that, if true, could state viable claims against either Defendant. Defendant School District also alleges this Court's lack of personal jurisdiction due to Plaintiff's failure to properly serve the Summons and Complaint. Defendant Parra additionally alleges that: (1) Plaintiff's claims against her are in an official, not individual, capacity and are duplicative of those against Defendant School District; and (2) should this Court find that she has been properly sued in her individual capacity, she is entitled to qualified immunity.

## II. Legal Standard

Under Rule 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[7] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[8] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[9] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[10] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford

---

[7] FED. R. CIV. P. 12(b)(6).

[8] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[9] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[10] *See Robbins v. Okla.*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

such a presumption to legal conclusions.[11] Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[12] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'"[13]

### III. Analysis

**A. Subject Matter Jurisdiction**

**1. Title VII and ADA Claims**

Both Defendants allege that this Court lacks subject matter jurisdiction over Plaintiff's Title VII and ADA claims due to Plaintiff's failure to exhaust all available administrative remedies. Federal courts are courts of limited jurisdiction.[14] Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to move for the dismissal of any claim when the court lacks subject matter jurisdiction.[15] A federal court cannot obtain jurisdiction over a suit brought under Title VII or the ADA unless the plaintiff first exhausts administrative remedies for each discrete discriminatory and retaliatory act.[16] If the plaintiff does not attempt to obtain administrative relief by first filing a complaint with the EEOC, the court's jurisdiction is limited to issues that

---

[11] *Iqbal*, 556 U.S. at 678-79.

[12] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[13] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[14] *U.S. ex rel. King v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001).

[15] FED. R. CIV. P. 12(b)(1).

[16] *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004) (dealing with Title VII); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309 (10th Cir. 2005) (dealing with the ADA).

are reasonably expected to arise from the claims filed with the EEOC.[17] The burden of proof is on the plaintiff to allege sufficient facts that he or she exhausted the applicable administrative remedies.[18] Both Title VII and the ADA require that a plaintiff obtain a right to sue letter from the EEOC prior to filing suit.[19]

Here, Plaintiff did indeed file his claims with the EEOC for violations of Title VII and the ADA prior to filing his Complaint in this Court. However, at the time Plaintiff filed his Complaint, he had not yet received his Notice of Right to Sue letter from the EEOC. Plaintiff originally received this letter on April 9, 2013, in response to his September 21, 2012, charge of discrimination. On May 3, 2013, however, at Plaintiff's request, the EEOC *revoked* this Notice. Because a right to sue letter is a prerequisite to suit for both Title VII and ADA claims,[20] Plaintiff has failed to exhaust all available administrative remedies with respect to his Title VII and ADA claims. As such, these claims must be dismissed.

Furthermore, Plaintiff's Complaint contains an allegation of race discrimination in violation of Title VII, as well as a claim of harassment, both of which were absent from his EEOC filing. Plaintiff therefore failed to exhaust all available administrative remedies with respect to these two claims and, as such, these claims must be dismissed.

---

[17] *MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

[18] *McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002).

[19] *Shikles*, 426 F.3d at 1310.

[20] *Id*.

The Court pauses here to take note of Plaintiff's *pro se* status. As a general rule, a court must take additional precautions before ruling on a dispositive motion against a *pro se* litigant.[21] "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[22] However, "a plaintiff's *pro se* status does not relieve him from complying with this court's procedural requirements."[23] Therefore, based on Plaintiff's procedural failures, Defendants' motions to dismiss Plaintiff's Title VII claims of gender and race discrimination, his ADA claim for disability discrimination, and his claims for retaliation and harassment are hereby granted for lack of subject matter jurisdiction.

**2. ADEA Claims**

Exhaustion of all available administrative remedies is also a jurisdictional prerequisite to filing suit under the ADEA.[24] However, the ADEA has slightly different exhaustion requirements than either Title VII or the ADA. Most notably, the ADEA does not require a right to sue letter prior to filing suit in federal court.[25] Therefore, the fact that Plaintiff did not have this right to sue letter from the EEOC at the time he filed his Complaint does not now bar this Court from having subject matter jurisdiction over Plaintiff's ADEA claim. As such, Defendants' motion to dismiss for lack of subject matter jurisdiction with regard to Plaintiff's ADEA claim is denied.

---

[21] *See Murdock v. City of Wichita, Kan.*, 2012 U.S. Dist. LEXIS 132726, at *5 (D. Kan. Sept. 18, 2012) (discussing summary judgment standards concerning a *pro se* litigant's claim); *see also Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994) (same, regarding motions to dismiss).

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] *Auld v. Value Place Prop. Mgmt., LLC*, 2010 U.S. Dist. LEXIS 14907, at *47 n.79 (D. Kan. Feb. 19, 2010) (citing *Barnes v. United States*, 173 F. App'x 695, 697 (10th Cir. 2006)).

[24] *See Shikles*, 426 F.3d at 1317 (citing *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004)).

[25] *See Shikles*, 426 F.3d at 1310; *see also* 29 U.S.C. § 626.

**B.     ADEA Claim Against Defendant Parra**

In her Motion to Dismiss, Defendant Parra argues that all of Plaintiff's claims against her are duplicative of those against Defendant School District and must be dismissed. This is true, Defendant Parra argues, because it is impossible to determine from the Complaint whether the claims brought against her are done so in her official capacity as Harmon's principal or in an individual capacity. Given the nature of the claims, Defendant Parra argues that Plaintiff's suit is filed against her in her official capacity. This Court agrees.

When "the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability."[26] Here, it appears that Plaintiff is suing Defendant Parra in her official capacity. The Complaint itself refers to "Dr. Sylvia Parra," although the case caption lists her home address. All other references to Defendant Parra refer to her as "principal." For example, Plaintiff alleges that the "principal" moved his classroom as far as possible from the school's main office, his science resources, and his colleagues. Assigning classrooms to teachers is a duty associated with being the principal of a school and has nothing to do with Defendant Parra as an individual. This Court will therefore analyze Plaintiff's claims against Defendant Parra only in her official capacity.[27]

---

[26] *Kinney v. United States AG*, 2012 U.S. Dist. LEXIS 47209, at *3 (D. Kan. Apr. 4, 2012) (quoting *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993)).

[27] It should be noted that the Tenth Circuit precludes discrimination claims filed under Title VII, the ADA, or the ADEA against an individual in his or her personal capacity. *See Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 744 (10th Cir. 1999) (finding no discernible difference in the definition of "employer" under Title VII, the ADA, or the ADEA and holding that "the ADA precludes personal capacity suits against individuals who do not otherwise qualify as employers under the statutory definition.").

"Although a supervisor may be named in an official capacity, doing so is only 'a means to sue the employer and is superfluous where . . . the employer is already subject to suit directly in its own name.'"[28] "When a plaintiff names as defendants both the employer and an employee in his or her official capacity, the claims against the employee merge with the claims against the employer."[29] Here, Defendant Parra is simply an employee of Plaintiff's employer, Defendant School District. As such, Plaintiff's remaining claims against Defendant Parra, namely the alleged ADEA violations, are merged with those filed against Defendant School District. Therefore, this Court grants Defendant Parra's motion to dismiss all remaining claims asserted against her in her official capacity as principal.[30]

**C.     Service of Process**

Finally, Defendant School District alleges improper or insufficient process and/or service of process and seeks dismissal of all claims against it for lack of personal jurisdiction. Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service of governmental entities and allows for service on a school district by "serving the clerk or secretary or, if the clerk or secretary is not found, any officer, director or manager thereof."[31] Service by mail is required to be addressed to the "appropriate official" at the official's governmental office.[32] When a statute

---

[28] *Barrera v. Casey's Gen. Stores, Inc.*, 2013 U.S. Dist. LEXIS 98193, at *6 (D. Kan. July 15, 2013) (quoting *Lewis v. Four B Corp.*, 211 Fed. App'x 663, 665 n.2 (10th Cir. 2005)).

[29] *Barrera*, 2013 U.S. Dist. LEXIS 98193, at *6 (citing *White v. Midwest Office Tech., Inc.*, 979 F. Supp. 1354, 1356 (D. Kan. 1997)).

[30] Because of this finding, Defendant Parra's motion to dismiss on the ground of qualified immunity is moot. As such, it is dismissed.

[31] FED. R. CIV. P. 4(j)(2).

[32] *See* K.S.A. § 60-304(d)(4) (providing for service to clerk); *see also* K.S.A. § 60-303(c)(1) (allowing service by certified mail, return receipt requested).

designates a particular recipient for process, the court must enforce that statutory procedure.[33] Here, Defendant School District alleges that Plaintiff sent a copy of the Summons and Complaint just generally to "USD 500." On August 29, 2013, the Summons and Complaint was received by June Kolkmeier ("Kolkmeier"). Defendant alleges that Kolkmeier is an administrative assistant and is not authorized to receive service of process. Rather, Plaintiff *should* have addressed the Summons and Complaint to Susan Westfahl ("Westfahl") who, at all times relevant to this action, has served as Clerk for the Board of Education for USD 500. Westfahl denies receipt of any document in connection with this suit. Given Plaintiff's failure to abide by the statutory procedure required for service upon a school district, this Court finds Plaintiff's service upon Defendant School District to be insufficient.

"Generally, where the Court finds that service is insufficient but curable, it should quash the service and give plaintiff an opportunity to re-serve defendant."[34] Such an extension of service is "particularly appropriate where the delay has not prejudiced defendant and the statute of limitations might bar any refiled action."[35] Here, it appears that the deficiencies in service are curable. Moreover, Defendant School District does not argue that it will be prejudiced by an extension of the service period. Therefore, on or before July 2, 2014, Plaintiff may re-serve Defendant School District pursuant to Rule 4 of the Federal Rules of Civil Procedure. In accordance with this Order, Plaintiff's re-served Complaint should contain only his allegations of violations under the ADEA. Plaintiff's failure to properly re-serve the Complaint will result in a

---

[33] *See Oltremari*, 871 F. Supp. at 1349.

[34] *Rader v. U.S.D. 259 Wichita Pub. Schs,*, 2011 U.S. Dist. LEXIS 57706, at *6 (D. Kan. May 31, 2011).

[35] *Id*. (citing *Mehus v. Emporia State Univ.*, 259 F. Supp. 2d 1258, 1273-74 (D. Kan. 2004)).

dismissal of this case in its entirety. Defendant School District's motion to dismiss on the ground of personal jurisdiction is therefore denied.

Because of this Court's findings with regard to subject matter and personal jurisdiction, as well as Defendant Parra's liability, this Court declines to address Defendant School District's motion to dismiss on the ground of failure to plead sufficient facts. In the event Plaintiff properly effects service, Defendant School District may again raise this issue, if appropriate.

**IT IS ACCORDINGLY ORDERED** this 2nd day of May, 2014, that Defendants' Motions to Dismiss (Docs. 8 and 12) are hereby granted in part and denied in part.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE