# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DONALD E. PERRIGO, JR.,

    *Plaintiff,*

vs.

UNIFIED SCHOOL DISTRICT NO. 500,

    *Defendant.*

Case No. 13-2363-EFM-DJW

## MEMORANDUM AND ORDER

Before the Court is Defendant Unified School District No. 500's Renewed Motion to Dismiss (Doc. 18). Among other reasons, Defendant U.S.D. No. 500 ("School District") seeks dismissal of Plaintiff Donald E. Perrigo, Jr.'s remaining age discrimination claims for Perrigo's failure to comply with a court order. The Court ordered Perrigo to properly re-serve a revised summons and complaint on School District's authorized agent for service of process. Perrigo has failed to serve the appropriate complaint. Therefore, the case is dismissed without prejudice.

### I.     Factual and Procedural Background

Perrigo originally brought this action pro se against School District and one of its school's principals, Sylvia Parra, for alleged discrimination in violation of Title VII of the Civil Rights Act of 1964,[1] the Age Discrimination in Employment Act of 1967 ("ADEA"),[2] and the

---

[1] 42 U.S.C. § 2000e *et seq.*

Americans with Disabilities Act of 1990.[3]  Perrigo also broadly alleged harassment and retaliation.  School District and Parra moved to dismiss Perrigo's claims for lack of subject matter jurisdiction, insufficient process, and insufficient service of process.  In its May 2014 Order, the Court dismissed all of Perrigo's claims except those asserted against School District under the ADEA.  But the Order denied School District's motion to dismiss for insufficient process and insufficient service of process, finding the deficiencies in service curable.  To cure the defects in Perrigo's original service, the Court ordered Perrigo to re-serve School District in accordance with Rule 4 of the Federal Rules of Civil Procedure.  The Order instructed Perrigo that he should address to Susan Westfahl, Clerk for the Board of Education for U.S.D. No. 500, a new summons and a complaint "*contain[ing] only his allegations of violations under the ADEA.*"[4]  The Order also advised Perrigo that his "failure to properly re-serve the Complaint [would] result in a dismissal of this case in its entirety."[5]

Subsequent to the Court's Order, Perrigo issued a summons and a complaint to the address for U.S.D. No. 500, listing as addressee "Susan Westfahl."  Perrigo, however, did not send a revised complaint.  Rather, Perrigo mailed a copy of the original Complaint listing claims (and a party) already dismissed by the Court's May 2014 Order.  School District then filed the Renewed Motion to Dismiss (Doc. 18) at issue here.  In its Renewed Motion to Dismiss, School District requests dismissal pursuant to Rules 12(b)(4) and (5) of the Federal Rules of Civil Procedure.  Specifically, School District defends its request for dismissal of Perrigo's remaining

---

[2] 29 U.S.C. § 621 *et seq.*

[3] 42 U.S.C. § 12101 *et seq.*

[4] Memorandum and Order, Doc. 15, p. 9 (emphasis added).

[5] *Id.* at 9–10.

ADEA claims based on Perrigo's failure to properly serve School District with a revised summons and complaint according to the Court's instructions. In his response to School District's motion, Perrigo claims that he complied with the Court's May 2014 Order by sending a summons and a complaint to the proper address. Perrigo contends that the Court cannot hold him responsible for the School District's (allegedly willful) failure to have the proper recipient, Susan Westfahl, sign for the service documents.

## II. Legal Standard

Under Rule 41(b) of the Federal Rules of Civil Procedure, if a plaintiff fails to comply with a court order, a defendant may move to dismiss the action. Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or the court's orders."[6] Unless the dismissal order states otherwise, such a dismissal operates as an adjudication on the merits.[7]

## III. Analysis

There is no dispute that Perrigo has failed to properly re-serve School District as directed by the Court.[8] Specifically the Court warned, "Plaintiff's re-served Complaint should contain only his allegations of violations under the ADEA."[9] Instead, Perrigo served School District a

---

[6] *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Even without directly citing Rule 41(b), School District argues that dismissal is appropriate because of Perrigo's failure to comply with a court order. The Court, therefore, understands School District's Renewed Motion to Dismiss to encompass a request for dismissal pursuant to Federal Rule of Civil Procedure 41(b).

[7] Fed. R. Civ. P. 41(b).

[8] Though Perrigo contests the sufficiency of his efforts to re-serve School District's proper agent for service of process, his Response demonstrates no like effort to contest School District's assertion that he failed to revise his re-served Complaint to include only his ADEA claims. Absent allegation or evidence by Perrigo that he complied with the Court's directive to serve a revised Complaint, the Court is without opportunity to find that Perrigo followed the instructions of the Court's May 2014 Order.

[9] Memorandum and Order, Doc. 15, p. 9.

copy of his original Complaint. Therefore, as the Court warned in its May 2014 Order, "Plaintiff's failure to properly re-serve the Complaint will result in a dismissal of this case in its entirety."[10]

The remaining issue is whether to dismiss Perrigo's age discrimination claims with or without prejudice. Here, even a dismissal without prejudice may operate as a dismissal with prejudice because the statute of limitations may have run on Perrigo's ADEA claims stemming from School District's actions to modify Perrigo's working conditions in May 2012.[11] Because dismissal with prejudice "defeats altogether a litigant's rights to have access to the courts," it is a severe sanction that "should be used as a weapon of last, rather than first, resort."[12] Accordingly, courts must, before dismissing plaintiff's claims on the merits, consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[13] "These factors do not create a rigid test; rather they represent criteria for the district court to consider prior to imposing dismissal as a sanction."[14]

---

[10] *Id.* at 9–10.

[11] *See Rodriguez v. Colorado*, 521 Fed.Appx. 670, 671 (10th Cir. 2013) ("However, we treat a dismissal without prejudice as a dismissal with prejudice when the statute of limitations has run on the claims."). Whether the statute of limitations has actually run, however, is an issue for another time if Perrigo decides to refile his lawsuit.

[12] *Mead v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (internal citations and quotation marks omitted).

[13] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (internal citations and quotation marks omitted); *see also Nasious v. Two Unknown B.I.C.E. Agents, at Arapaho County Justice Center*, 492 F.3d 1158, 1162 (10th Cir. 2007).

[14] *Ehrenhaus*, 965 F.2d at 921.

The Court finds that the balance of these five factors favors dismissal without prejudice. First, School District has suffered a degree of prejudice because Perrigo has failed to serve its appropriate agent with an amended complaint more than four months after the original court order. School District also has expended time and resources to manage this suit without the benefit of a revised complaint to be on notice of Perrigo's ADEA allegations. The hardship Perrigo's noncompliance has caused School District, however, occurs early in the case and does not substantially exceed the ordinary burdens of litigation.[15] Second, Perrigo's failure to comply with a court order necessarily interferes with effective administration of justice. Third, the Court understands that Perrigo is pursuing this action pro se and has demonstrated his effort to obey the Court's instruction to issue a new summons addressed to School District's proper agent for service. But Perrigo offers no excuse or explanation for his failure to comply with the Court's directive that he send with that summons a revised complaint. As such, Perrigo has failed to demonstrate that anyone other than himself is culpable for the failure to fully comply with this Court's order. Fourth, the Court warned Perrigo that the sanction for noncompliance would be dismissal. Finally, the Court finds dismissal without prejudice to be an available lesser sanction. Given Perrigo's partial compliance and the relatively minor hardship Perrigo's noncompliance has caused School District, the Court favors the lesser sanction of dismissal without prejudice.

Because the Court dismisses Perrigo's claims under Rule 41(b), the Court declines to consider School District's arguments for dismissal under Rules 12(b)(4) and (5).

---

[15] The Court is mindful that it, as well as Defendant, is entitled to have Plaintiff's claims stated and served in a justiciable manner. Here, however, the hardship caused by Perrigo's single incident of noncompliance is not comparable to the hardships suffered in other cases meriting dismissal. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007) (finding defendant "considerabl[y] burden[ed]" by plaintiff's failure to prosecute her case where defendant had already conducted trial preparations); *Santistevan v. Colorado School Of Mines*, 150 Fed.Appx. 927, 929 (10th Cir. 2005) (citing plaintiff's *multiple* failures to appear and respond to court orders as support for decision to affirm district court's dismissal with prejudice under Rule 41(b)).

**IT IS THEREFORE ORDERED** that Defendant Unified School District No. 500's Renewed Motion to Dismiss (Doc. 18) is hereby **GRANTED** without prejudice.

**IT IS SO ORDERED**.

Dated this 23rd day of September, 2014.

                                            ERIC F. MELGREN
                                            UNITED STATES DISTRICT JUDGE